1. **Intoxicating liquors ⬅227—In liquor prosecution, testimony that defendant had been running around after negro prostitutes held inadmissible.**

In a prosecution for selling intoxicating liquor, the admission of testimony that defendant had been running around with negro prostitutes *held* error.

2. **Witnesses ⬅268(1)—Cross-examination of character witnesses for defendant as to how a man who ran around after negro prostitutes could have a good reputation held improper.**

In a prosecution for selling intoxicating liquor, in which witnesses had testified for the defendant as to his reputation for being a peaceable, law-abiding citizen, the action of the court in overruling objections to cross-examination of such witnesses as to how a man who ran around after negro prostitutes could have a good reputation *held* error.

3. **Criminal law ⬅696(3)—Refusal to strike unresponsive answer held error.**

In a prosecution for selling intoxicating liquor, in which a witness, who had testified for the state that the reputation of the defendant for being a peaceable, law-abiding citizen was bad, was asked on cross-examination whether he had ever heard of defendant violating any law, refusal to strike answer that he had heard of defendant being in a car with a negro woman and kissing her and being on the street with his arms around a negro woman *held* error, such answer not being responsive to the question.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Charley Claxton was convicted of the sale of intoxicating liquor, and he appeals. Reversed and remanded.

Clyde F. Winn, of Waxahachie, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Ellis county of the sale of intoxicating liquor, and his punishment fixed at one year in the penitentiary.

[1-3] For some reason which does not appear, testimony was admitted in the trial court, the substance and effect of which was that appellant had been running around after negro prostitutes, and the state witnesses were permitted to testify that they had heard such was the fact. Defense witnesses who testified to appellant's good reputation for being a peaceable, law-abiding citizen were required, over objection, to answer, upon cross-examination, as to how a man could have a good reputation who ran around after negro whores. A state witness, who testified that the reputation of appellant for being a peaceable, law-abiding citizen was bad, while being cross-examined as to whether he had ever heard of appellant violating any law, stated that he had heard of appellant being in a car with a negro woman and kissing her, and being on the street with his arms around a negro woman. This answer does not seem to have been responsive to the question asked, and appellant requested that the answer be withdrawn and the jury instructed not to consider it, which request was refused by the trial court.

The Assistant Attorney General concedes that this procedure was in violation of the rights of the appellant and injected before the jury highly prejudicial matters without authority of law.

Believing the admission of state's counsel to be correct, the judgment of the trial court is reversed, and the cause remanded.

---

### WELLS v. STATE.   (No. 7352.)

(Court of Criminal Appeals of Texas.   May 16, 1923.)

1. **Criminal law ⬅1144(12) — Appellate court not required to resort to statement of facts where bill of exceptions does not show facts.**

The Court of Criminal Appeals is not required to resort to the statement of facts to ascertain the real facts in evidence, where the facts are not shown in bill of exceptions, but may rest its decision on the proposition that the trial court is presumed to know what the facts were.

2. **Criminal law ⬅1169(1)—Testimony that defendant's wife was negress held harmless.**

In a prosecution of a half-breed Indian for murder, where the evidence showed that he was gambling with a group of negroes in a place where negroes assembled for the purpose of gambling, that he had been to such place a number of times before, that other negroes were present beside those engaged in the gambling game, and that he had been convicted of bootlegging, and where the jury inflicted on the defendant a penalty of only 10 years in the penitentiary, the admission of testimony that his wife was a negress *held* harmless.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Criminal law ⬦⟹1141(2)—Affirmative showing of prejudice from admission of testimony necessary.**

In order to base a claim of prejudice arising from certain testimony, there must be an affirmative showing of facts which would suggest the possibility of such prejudice.

Appeal from District Court, Fayette County.

On application for leave to file second motion for rehearing. Denied.

For former opinion, see 248 S. W. 378.

LATTIMORE, J. Able counsel for appellant have filed a request for permission to submit a second motion for rehearing, supporting same by citation of opinions of this court as now constituted, and as formerly adorned, and in forcible terms have invited again our review of the proposition that the trial court erred in admitting the statement of appellant on cross-examination that he was married to a mulatto negress, notwithstanding the fact that the learned trial court offered to instruct the jury not to consider such testimony, which offer was rejected by appellant. It is not insisted that the matter is something which escaped our notice and was not passed upon by us in the original opinion and the motion for rehearing, but it is urged that our conclusion is so materially erroneous as that appellant should be granted permission to file a second motion for rehearing and have his case reversed and remanded.

[1] In the bill of exceptions complaining of this matter it is not averred that appellant is a white man, and, for ought shown by said bill, he may be the blackest of black men. Hundreds of cases from the foundation of this court down might be cited whose holding is clear and uniform that, unless a bill of exceptions shows an error, it will not be held by us as presenting one. In stating the grounds of his objection to the testimony in said bill of exceptions, appellant stated that the testimony showed that he was an Indian. What the real facts in evidence on this point might be is not shown in said bill. We are not required by our rules or the precedents to resort to the statement of facts in such case, but may rest our decision on the proposition that the trial court is presumed to know what the facts were, and to have ruled correctly; but eminent counsel have so earnestly urged the point that we have examined the statement of facts.

[2, 3] Appellant testified on cross-examination that he was a half-breed Indian, but there is no suggestion in his testimony as to what the other half save the inferences from the fact of his associates. Beyond question he was engaged in a gambling transaction with a group of negroes, and, according to his own testimony, in a place where negroes assembled for the purpose of gambling, and to which he had been a number of times before. Other negroes were present besides those engaged in the gambling game with him. Appellant had been raised in Oklahoma and said that his wife was a mulatto negro woman. In order to base a claim of prejudice arising from certain testimony, there must be an affirmative showing of facts which would suggest the possibility of such prejudice. We do not find such suggestion in this bill of exceptions nor in this record. If the fact that appellant voluntarily associated himself with negroes in gambling would not prejudice the jury against him, nor the further fact voluntarily admitted that appellant had been convicted of bootlegging intoxicating liquor, we are totally unable to see how the fact that his wife was a negro woman could have any possible effect to prejudice the jury against him. Our perusal of the facts in evidence inclines us to the view that, instead of the judgment reflecting any degree of prejudice, it shows a great degree of mercy on the part of the jury, for they inflicted upon him only a penalty of 10 years in the penitentiary under testimony that might well support a much graver punishment.

Believing the application for permission to file a second motion for rehearing to present nothing calling for favorable action on our part, same will be denied.